Dear Mr. Voisin:
Our office has received your opinion request concerning certain events occurring at a meeting of Council for the Parish of Terrebonne (Council). At a meeting of the Budget and Finance Committee (Committee)[1] held on February 9, 2010, a Council Member moved that the Committee "introduce an ordinance to amend the 2010 Adopted Budget and 5-Year Capital Outlay to provide funds for the purchase of property for various government operations; to provide for related matters; and to call a public hearing on said matter on February 24, 2010 at 6:30 p.m." The motion did not pass.
According to the minutes of the Council meeting held the next day, on February 10, 2010, the Chairwoman called for a report of the Committee meeting held on February 9, 2010. The Committee Chairman presented the substance of the matters decided by the Committee, and then offered a motion that the Council ratify the actions from the Committee meeting, with the exception of the motion to introduce an ordinance to amend the 2010 Adopted Budget, which failed at the Committee meeting, so that the Council could vote on the matter separately. The motion passed, and as a result, the Council ratified the actions of the Committee, with the exception of the decision not to introduce an ordinance to amend the 2010 Adopted Budget.
The Council proceeded to discuss and vote on the issue of whether to introduce the ordinance to amend the 2010 Adopted Budget and provide funds for the purchase of property. The ordinance appropriated $3.4 million for the purchase of land, and $1.4 million for site development, for a total appropriation of $4.8 million. The Council discussed whether the ordinance should specify the amount for the purchase of land and the amount for site development, or whether the ordinance should be amended to combine the two amounts, and simply appropriate funds not to exceed $4.8 million for the purchase of land and site development. The Parish President commented that he did not have a problem with the proposed change. A Council Member moved that "the Council introduce an ordinance to amend the 2010 Adopted Budget and the 5-Year *Page 2 
Capital Outlay (with one line item) to purchase property and site development for various government operations and call a public hearing on February 25, 2010 at 6:30 p.m." The motion passed.
You have asked our office to provide an opinion as to whether the above-described actions of the Council were proper.
The Parish of Terrebonne operates under a "President-Council" form of government pursuant to the Home Rule Charter for a Consolidated Government for Terrebonne Parish (Charter) adopted in 1981. The first issue your request letter asks us to address is whether the action of the Council was done in accordance with Section 2-12(a) of the Charter, relative to the passage of general ordinances. More specifically, your letter asks whether it was proper for the Council to vote on the issue of introducing the ordinance when the ordinance was not prepared in its "final form" until February 11, 2010, the day after the Council voted to introduce the ordinance.
Section 2-12(a) of the Charter provides:
All proposed ordinances shall be introduced in writing and in the form required for adoption and, except for codifications, the operating budget and capital improvement budget, shall be confined to one subject, expressed clearly in the title.
The plain language of this provision of the Charter requires that all proposed ordinances be in writing and "in the form required for adoption." There is nothing in the Charter or general statutes which prescribe the form required for adopting ordinances. However, Section 1-12 of the Parish Code of Ordinances for Terrebonne Parish (Code), titled "Ordinances in general," provides:
(a) All proposed ordinances shall be introduced in writing and, except for codifications, the operating budget and the capital improvement budget, shall be confined to one (1) subject, expressed clearly in the title.
(b) All proposed ordinances shall be read by the title when introduced and shall be published in full, in summary or by title within three (3) days after introduction. Except as otherwise provided in section 1-13, no ordinance shall be considered for final passage until it has lain over at least two (2) weeks from the date of introduction and a public hearing has been held on the ordinance.
(c) With the final approval of ordinances by the council, such enacted ordinances shall be published in full in the official journal by the council clerk as soon as practical thereafter; however, ordinances adopting codes of technical regulations or adopting or amending the operating budget or the capital improvement budget may be published in full or in summary at the council's discretion. Every enacted ordinance, unless it shall specify *Page 3 
another date, shall become effective thirty (30) days after publication in the official journal.
You have provided no facts to indicate that the motion to introduce the ordinance failed to comply with the requirements of Section 2-12 of the Charter or Section 1-12 of the Code. Your letter suggests that there could be some impropriety because of the introduction of the amendment to the ordinance. The amendment did not change the substance of the appropriation: in both versions, the appropriation was not to exceed $4.8 million and in both versions that money was to be appropriated for the purchase and development of property. The amendment did, however, remove the limitation that a certain portion of the $4.8 million be allocated for the purchase of the property and a certain amount be allocated for site development. There is nothing in the Charter which prohibits this type of amendment. Assuming the Council complied with the other requirements of Section 1-12 of the Code, it is the opinion of this office that the motion to introduce the ordinance was done in conformity with Section 2-12 of the Charter.
The next issue you ask our office to address is whether it was proper for a Council Member to ask the Council to ratify all actions of the Committee with one exception, effectively asking for the Council to reconsider the motion which failed at the Committee meeting.[2] You indicate that you believe that this action was improper since the Committee Chairperson was one of the Committee members who voted in favor of the motion that failed at the Committee meeting.
The Council operates under Robert's Rules of Order.[3] According to the information you have provided, the Council has established five committees, each committee composed of all nine council members. When an assembly designates all of its members to act as a committee, it is acommittee of the whole. RONR (10th ed.), p. 472-73, I. 7-10. The results of votes taken in a meeting of the committee of the whole "are not final decisions of the assembly, but have the status of recommendations which the assembly is given the opportunity to consider further and which it votes on finally under its regular rules." RONR (10th
ed.), p. 513, I. 11-16.
The actions described by your opinion request is the Council's decision to consider further the issue of introducing an ordinance to amend the 2010 Budget and provide funds for the purchase of property, which the Committee did not recommend for introduction. Such action was within the Council's authority because it is the Council's prerogative to either adopt or reject the Committee's recommendations. When the Council voted on the issue on February 10, 2010 this was the first time the Council took a vote on the motion. The previous vote on the motion, taken the day before the Council meeting, was a vote of theCommittee, not the Council. Even though the membership of the two bodies consists of the same individuals, these are two distinct *Page 4 
bodies, with the Committee acting in an advisory capacity and the Council in a decision-making capacity. In light of the distinction between a vote of the Committee and a vote of the Council, we note that this situation does not present what Robert's Rules of Order would describe as a motion to Reconsider.[4] As described above, Robert's Rules of Order specifically provides that votes taken in a meeting of the committee of the whole are recommendations, not final decisions, and the assembly is given the opportunity to consider further the matters voted on by a committee of the whole.
The final issue you ask our office to address is whether the motion to introduce the ordinance was properly made, considering that the motion was made by a Council Member who also serves on the Committee, and such Council Member was absent from the Committee meeting. We are not aware of any rules prohibiting a Council Member, who was not present at a meeting of the committee of the whole, from proposing that the Council pass a motion to introduce an ordinance which failed to pass at the Committee meeting. Therefore, we so no impropriety in such action.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ Emalie A. Boyce Assistant Attorney General
JDC: EAB
[1] The Budget and Finance Committee consists of all nine members of the Terrebone Parish Council.
[2] We note that the public has not been deprived of the substance of the discussion of this item occurring at the Committee, as it is still made available to the public on the Parish website at www.tpcg.org, clearly delineated as not ratified by the Council at the meeting on February 10, 2010.
[3] See Section 2-52 of the Code.
[4] The motion to Reconsider carries with it some limitations on who may make the motion to Reconsider. RONR (10th ed.), p. 304, I. 30-33.